Jaren Wieland, ISB No. 8265
MOONEY WIELAND WARREN
512 W. Idaho St., Ste 103
Boise, ID 83702
t: 208.401.9219
f: 888.234.8543
jaren.wieland.service@mooneywieland.com

Aaron M. Zigler *(Pro Hac Vice)*
Nidya S. Gutierrez (*Pro Hac Vice*)
Lawrence V. Ashe (*Pro Hac Vice*)
ZIGLER LAW GROUP, LLC
308 South Jefferson Street, Suite 333
Chicago, Illinois 60661
t: 312.535.5995
aaron@ziglerlawgroup.com
nidya@ziglerlawgroup.com
larry@ziglerlawgroup.com

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **Nolan Anderson**, on behalf of himself individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**Interpath Laboratory, Inc.**, an Oregon corporation and **Praxis Health, P.C.** an Oregon Professional Corporation,<br><br>Defendants. | Case No. 2:24-cv-00341-AKB<br><br>**Notice of Intent to Serve Subpoena to Testify at a Deposition and Produce Documents on TELCOR, Inc.** |

Notice is hereby given that, pursuant to Federal Rule of Civil Procedure 45, Plaintiff

will serve a Subpoena to Testify at a Deposition and Produce Documents on TELCOR, Inc.

A copy of the subpoena to be served is attached hereto as Exhibit A.

Dated August 4, 2026

_Jaren Wieland_

Jaren Wieland, ISB No. 8265
MOONEY WIELAND WARREN
512 W. Idaho St., Suite 103
Boise, ID 83702
t: 208.401.9219
f: 888.234.8543
jaren.wieland.service@mooneywieland.com

Aaron M. Zigler (*Pro Hac Vice*)
Nidya S. Gutierrez (*Pro Hac Vice*)
Lawrence V. Ashe (*Pro Hac Vice*)
ZIGLER LAW GROUP, LLC
308 South Jefferson Street, Suite 333
Chicago, Illinois 60661
t: 312.535.5995
aaron@ziglerlawgroup.com
nidya@ziglerlawgroup.com
larry@ziglerlawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

Stoel Rives LLP
Wendy J. Olson
Wendy.olson@stoel.com
Thomas R. Johnson
Tom.johnson@stoel.com
Stephen Galloway
Stephen.galloway@stoel.com
Cory Michael Carone
Cory.carone@stoel.com


_Jaren Wieland_____
Jaren Wieland
Attorney for Plaintiff

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> )    Civil Action No. <br> ) <br> ) <br> ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❒ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |
|---|---|
| *CLERK OF COURT* |  |
|  | OR |
| _____ <br> *Signature of Clerk or Deputy Clerk* | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DOCUMENT REQUESTS AND RULE 30(b)(6) DEPOSITION TOPICS**

Pursuant to Federal Rules of Civil Procedure 26, 30(b)(6), and 45, TELCOR Inc. ("TELCOR") must produce the documents described below and designate one or more officers, directors, managing agents, or other persons competent to testify on its behalf regarding the matters identified below.

**INSTRUCTIONS**

1.  These requests are continuing in nature. If additional responsive documents become available, they must be produced.

2.  In responding to these requests, You are required to produce all documents within Your possession, custody, or control, including documents maintained by Your officers, directors, employees, agents, or representatives.

3.  Documents shall be produced as they are kept in the ordinary course of business or organized and labeled to correspond to the categories in these requests.

4.  If any document requested is withheld on the basis of privilege, identify the document and provide a privilege log consistent with Federal Rule of Civil Procedure 26.

5.  If any document responsive to these requests has been lost, destroyed, or discarded, identify the document and explain the circumstances of its loss or destruction.

6.  If You object to any request, state the grounds for the objection and produce all documents responsive to the portion of the request to which You do not object.

7.    Unless otherwise stated, the relevant time period for these requests is January 1, 2020 to the present.

8.    Electronically stored information shall be produced in its native format or in another reasonably usable format that preserves searchable text, formulas, fields, metadata, and other relevant information. Structured data maintained in databases or reporting systems shall be produced in a reasonably usable format, such as Excel or CSV, together with any data dictionary necessary to understand the fields produced.

9.    Documents containing confidential, proprietary, personally sensitive, or Protected Health Information may be designated "Confidential" in accordance with the Stipulated Protective Order entered in this action.

10.    Unless otherwise agreed in writing, responsive documents shall be produced electronically on or before **August 17, 2026** by secure electronic transfer to counsel for Plaintiff.

### **DEFINITIONS**

1.    "You" or "Your" means TELCOR Inc., including all officers, directors, employees, agents, representatives, subsidiaries, affiliates, and any other person acting on its behalf.

2.    "Interpath" means Interpath Laboratory, Inc.

3.    "Praxis" means Praxis Health, P.C.

4.    "TELCOR Software" means any software, platform, application, module, database, interface, configuration, system, or service developed, licensed, hosted, implemented, maintained, or supported by TELCOR and used by or for Interpath in connection with patient billing, patient statements, account flags or holds, collection eligibility, collection referrals, or revenue-cycle management.

5. "Communication" means any transmission of information by any means, including written correspondence, emails, text messages, instant messages, memoranda, meeting notes, notes, reports, support tickets, system notifications, or other electronic communications.

6. "Document" or "Documents" shall have the broadest meaning permitted under Federal Rule of Civil Procedure 34 and includes all written, recorded, or electronically stored information, including native files, databases, data exports, audit logs, configuration records, system documentation, support tickets, change logs, and metadata.

## DEPOSITION TOPIC AND DOCUMENT REQUESTS

1.     The person with the most knowledge regarding the following Documents to be produced by You on or before August 17, 20206:

a. Communications with and services and work performed for Interpath since 2020, including Interpath's use of TELCOR Software, and related products and services, and the changes to those products and services during that time period.

b. Contracts with, requests for services from, and quotes and work orders to Interpath since 2020.

c. Your internal and external Communications with anyone regarding Your efforts to comply with the Idaho Patient Act when working with, providing products to, and performing services for Interpath and/or Praxis since 2020.

d. Your internal and external Communications regarding Interpath and/or Praxis' plans, instructions, efforts, and actions taken to comply with the Idaho Patient Act since 2020.

e. The query and downloading of patient account data from the TELCOR system currently in place at Interpath, including the capability to generate a report containing for

each patient account:  (1) The date of service; (2) the date of each invoice for the same services; (3) the date of the invoice containing the words "Final Notice"; (4) the date of all dispute or flag codes associated with the invoice; and (5) the date of referral to collections.

f. Your Communications regarding this lawsuit.