Jaren Wieland, ISB No. 8265
MOONEY WIELAND WARREN
512 W. Idaho St., Ste 103
Boise, ID 83702
t: 208.401.9219
f: 888.234.8543
jaren.wieland.service@mooneywieland.com

Aaron M. Zigler (*Pro Hac Vice*)
Nidya S. Gutierrez (*Pro Hac Vice*)
Lawrence V. Ashe (*Pro Hac Vice*)
ZIGLER LAW GROUP, LLC
308 South Jefferson Street, Suite 333
Chicago, Illinois 60661
t: 312.535.5995
aaron@ziglerlawgroup.com
nidya@ziglerlawgroup.com
larry@ziglerlawgroup.com

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

**Nolan Anderson**, on behalf of himself individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

**Interpath Laboratory, Inc.**, an Oregon corporation and **Praxis Health, P.C.** an Oregon Professional Corporation,

Defendants.

Case No. 2:24-cv-00341-AKB

**Declaration of Lawrence V. Ashe in Support of Plaintiff's Motion to Compel Compliance with Subpoena to Nonparty Bonneville Billing and Collections**

I, Lawrence V. Ashe, declare as follows:

1. I am an attorney with Zigler Law Group, LLC, and I am admitted *pro hac vice* in this action. I am counsel for Plaintiff Nolan Anderson and the Proposed Class. I submit this declaration in support of Plaintiff's Motion to Compel Compliance with Subpoena to Nonparty Bonneville Billing and Collections, Inc. ("Bonneville").

2. I have personal knowledge of the facts stated below, based on my own participation in the events described and my review of the files maintained by my firm in this matter. If called as a witness, I could and would testify competently to them.

3. Attached as **Exhibit 1** is a true and correct copy of the subpoena Plaintiff served on Bonneville. Plaintiff served the subpoena on Bonneville's registered agent on April 17, 2026. Dkt. 36. The subpoena covers January 1, 2020 to the present and contains thirteen requests. Instruction 4 requires a privilege log for any responsive material withheld on a claim of privilege.

4. Under Federal Rule of Civil Procedure 45(d)(2)(B), objections were due May 1, 2026. On that date, Bonneville's counsel, Joseph J. Lico of Robinson & Henry, P.C., asked for more time to respond. Plaintiff agreed to a one-week extension.

5. Bonneville did not serve objections by the extended date. It served them on May 19, 2026. A true and correct copy of Bonneville's written response and objections, four pages in length, is attached as **Exhibit 2.**

6. Exhibit 2 is not accompanied by a declaration, a description of any search, an estimate of time or cost, a count of responsive documents for any request, or a privilege

log.

7. Bonneville separately offered to provide an affidavit stating when Plaintiff's account was assigned to it.

8. On May 21, 2026, I spoke with Mr. Lico by telephone in an effort to resolve Bonneville's objections without court action. We reached an impasse.

9. Following that impasse, the Court’s chambers convened an informal discovery conference on June 11, 2026. Mr. Lico, counsel for Defendants, and I participated.

10. At the informal conference, Bonneville was asked to document its claimed burden.

11. Between June and September 2026, Plaintiff followed up with Bonneville's counsel six more times.

12. On August 7, 2026, Bonneville's counsel sent an email describing Bonneville's system. A true and correct copy is attached as **Exhibit 3.** As described at page 4, Interpath uploads a standard collections extract to Bonneville's secure portal; Bonneville imports it into its collections database, which runs validation checks and automatically generates an exception report; and 152,566 accounts were assigned to Bonneville over five years. Ex. 3 at 2.

13. On August 27, 2026, Bonneville's counsel sent an email stating that communications "can only be determined on an account by account basis" and that

Bonneville has "no intent on providing any policy or procedure as a non-party." A true and correct copy is attached as **Exhibit 4.**

14. On September 8, 2026, chambers advised that the informal discovery process had run its course.

15. As of the date of this declaration, Bonneville has not produced any documents in response to the subpoena, has not served a declaration or any estimate of cost or time supporting its burden objections, and has not served a privilege log.

16. Attached as **Exhibit 5** is a true and correct copy of excerpts of Defendant Interpath Laboratory, Inc.'s First Supplemental Response. In response to Request for Production No. 3, Interpath states that it located no documents concerning its decision to refer Plaintiff's account to Bonneville.

17. Attached as **Exhibit 6** is a true and correct copy of excerpts of Interpath's responses to Plaintiff's Requests for Production Set Three. In response to Request Nos. 23-24 and 53-54, Interpath states that, after what it described as a reasonable and diligent search, it located no documents concerning credit reporting on Plaintiff's account, interest and fees charged after referral, or its agreements and reporting terms with credit agencies.

18. Attached as **Exhibit 7** is a true and correct copy of Bates-numbered document DEFS_00000041-42, produced by Defendants, reflecting Plaintiff's written dispute of the debt.

19. Attached as **Exhibit 8** is a true and correct copy of Bates-numbered documents DEFS_00000162-171, produced by Defendants, which include a March 1, 2024

email cancelling Plaintiff's account.

20. Attached as **Exhibit 9** is a true and correct copy of Bates-numbered document DEFS_00000084, produced by Defendants, reflecting a late-February 2024 discussion between Bonneville and Interpath about Plaintiff's account.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on November 11, 2026, at Miami, Florida.

*s/ Lawrence V. Ashe*

Lawrence V. Ashe