# EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Idaho

| | | |
|---|---|---|
| Nolan Anderson, individually and on behalf of a class<br>*Plaintiff*<br>v.<br>Interpath Laboratory, Inc. et al.<br>*Defendant* | ) | Civil Action No. 2:24-cv-00341-AKB |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Bonneville Billing and Collections, Inc., 1465 N. Skyline Dr., Idaho Falls, ID 83403

*(Name of person to whom this subpoena is directed)*

✔ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: The subject matter described in the documents referenced in Exhibit B.

| Place: | Date and Time: |
|---|---|
| Mooney Wieland Warren<br>512 W. Idaho, Suite 103, Boise, Idaho 83702 | Monday, May 7, 2026, at 10:00 a.m. |

The deposition will be recorded by this method: Stenographic means.

✔ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Documents described in Exhibit A attached hereto.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

_______________________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Lawrence V. Ashe
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Nolan Anderson and the Putative Class. , who issues or requests this subpoena, are:

Lawrence V. Ashe; larry@ziglerlawgroup.com; Zigler Law Group, LLC. 308 S. Jefferson St. Suite 333, Chicago, IL 60661

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:24-cv-00341-AKB

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ______________________
______________________________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DOCUMENT REQUESTS AND RULE 30(b)(6) DEPOSITION TOPICS

Pursuant to Federal Rules of Civil Procedure 26, 30(b)(6), and 45, Plaintiff requests that Bonneville Billing and Collections, Inc. produce the documents described below and designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf regarding the matters identified below.

## INSTRUCTIONS

1. These requests are continuing in nature. If additional responsive documents become available, they must be produced.
2. In responding to these requests, You are required to produce all documents within Your possession, custody, or control, including documents maintained by Your officers, directors, employees, agents, or representatives.
3. Documents shall be produced as they are kept in the ordinary course of business or organized and labeled to correspond to the categories in these requests.
4. If any document requested is withheld on the basis of privilege, identify the document and provide a privilege log consistent with Federal Rule of Civil Procedure 26.
5. If any document responsive to these requests has been lost, destroyed, or discarded, identify the document and explain the circumstances of its loss or destruction.
6. If You object to any request, state the grounds for the objection and produce all documents responsive to the portion of the request to which You do not object.

7. Unless otherwise stated, the relevant time period for these requests is January 1, 2020, to the present.

## DEFINITIONS

1. "You" or "Your" means Bonneville Billing and Collections, Inc., including all officers, directors, employees, agents, representatives, subsidiaries, affiliates, and any other person acting on its behalf.
2. "Interpath" means Interpath Laboratory, Inc.
3. "Praxis" means Praxis Health, P.C.
4. "Communication" means any transmission of information by any means, including written correspondence, emails, text messages, memoranda, notes, reports, or other electronic communications.
5. "Document" or "Documents" shall have the broadest meaning permitted under Federal Rule of Civil Procedure 34 and includes all written, recorded, or electronically stored information.
6. "Nolan Anderson" means Plaintiff Nolan Anderson in the above-captioned litigation.

## DOCUMENT REQUESTS AND DEPOSITION TOPICS

1. The person with the most knowledge regarding Nolan Anderson's files identified in Your records as associated with [redacted] and Reference No. [redacted]7796.

2. All documents outside of Your files, including internal and external reporting, which reference Nolan Anderson.

3. All of Your internal and external communications regarding Nolan Anderson.

4. All of Your contracts or agreements between You and Interpath Laboratory, Inc. and/or Praxis Health, P.C.

5. All instructions, policies, and guidelines You follow when processing an Interpath and/or Praxis account for collection.

6. All instructions, policies, and guidelines You received from Interpath and/or Praxis regarding collection from their patients.

7. All of Your internal and external communications with anyone regarding Your efforts to comply with the Idaho Patient Act when working on an Interpath and/or Praxis patient account.

8. All internal and external communications regarding Interpath and/or Praxis plans, instructions, efforts, and actions taken to comply with the Idaho Patient Act.

9. All of Your communications regarding this lawsuit.

10. Documents sufficient to show the number of people for which You undertook a collection action for debt incurred with Interpath or Praxis by month for the last five years.

11. Documents relating to any complaint against You for violation of the Idaho Patient Act.

**12.** Documents sufficient to show the identity and number of Interpath and Praxis patients referenced in communications with any credit reporting agency.