# EXHIBIT 6

WENDY J. OLSON, Bar No. 7634
wendy.olson@stoel.com
CORY M. CARONE, Bar No. 11422
cory.carone@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040

TOM R. JOHNSON, JR. (*Pro Hac Vice*)
tom.johnson@stoel.com
STEPHEN H. GALLOWAY (*Pro Hac Vice*)
stephen.galloway@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

NOLAN ANDERSON, on behalf of himself individually, and on behalf of all others similarly situated,

Plaintiff,

v.

INTERPATH LABORATORY, INC., an Oregon corporation, and PRAXIS HEALTH, P.C., an Oregon Professional Corporation,

Defendants.

Case No. 2:24-cv-00341-AKB

**DEFENDANT INTERPATH LABORATORY, INC.'S RESPONSES TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 23**: All DOCUMENTS RELATING TO credit reporting for PLAINTIFF's account, including transmissions to credit reporting agencies and any disputes or corrections.

**RESPONSE**: Defendant has not located any Documents responsive to this request after conducting a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 24**: All DOCUMENTS RELATING TO fees, interest, or penalties assessed to PLAINTIFF's account after it was referred to BONNEVILLE COLLECTIONS.

**RESPONSE**: Defendant has not located any Documents responsive to this request after conducting a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 25**: All DOCUMENTS RELATING TO PLAINTIFF's AUGUST 15 BLOOD DRAW and AUGUST 16 BLOOD DRAW, including laboratory requisitions, test orders, and results.

**RESPONSE**: Defendant will produce on a rolling basis any responsive Documents not previously produced in this action.

**REQUEST FOR PRODUCTION NO. 26**: All DOCUMENTS RELATING TO any determination that PLAINTIFF's AUGUST 16 BLOOD DRAW was necessitated by an error or insufficient sample from the AUGUST 15 BLOOD DRAW.

**RESPONSE**: Defendant will produce on a rolling basis any responsive Documents not previously produced in this action.

**REQUEST FOR PRODUCTION NO. 27**: All COMMUNICATIONS between PRAXIS or PRAIRIE and PLAINTIFF RELATING TO billing, charges, or the promise that PLAINTIFF would not be charged for the AUGUST 16 BLOOD DRAW.

**REQUEST FOR PRODUCTION NO. 50**: All DOCUMENTS RELATING TO changes or modifications made to INTERPATH's billing system or collection referral process since January 1, 2020.

**RESPONSE**: Defendant objects to this request to the extent that it seeks Documents, Communications, or information protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving its objections, Defendant will produce on a rolling basis any responsive, nonprivileged Documents not previously produced in this action. Defendant will withhold and include on a privilege log any privileged Documents and Communications.

**REQUEST FOR PRODUCTION NO. 51**: All agreements or contracts between INTERPATH and any third-party collection agency other than the BONNEVILLE COLLECTIONS contract previously produced.

**RESPONSE**: Defendant will produce on a rolling basis any responsive Documents not previously produced in this action.

**REQUEST FOR PRODUCTION NO. 52**: All DOCUMENTS RELATING TO fee schedules, commission structures, or payment terms between INTERPATH and BONNEVILLE COLLECTIONS or any other collection agency.

**RESPONSE**: Defendant will produce on a rolling basis any responsive Documents not previously produced in this action.

**REQUEST FOR PRODUCTION NO. 53**: All agreements or contracts between INTERPATH and any credit reporting agency.

**RESPONSE**: Defendant has not located any Documents responsive to this request after conducting a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 54**: All DOCUMENTS RELATING TO the terms and conditions under which INTERPATH reports patient account information to credit reporting agencies.

**RESPONSE**: Defendant has not located any Documents responsive to this request after conducting a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 55**: All complaints received by INTERPATH from patients RELATING TO billing or collection practices.

**RESPONSE**: Defendant objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and is overbroad and not proportional to the needs of the case. The request seeks all complaints received by Defendant from patients relating to billing or collection practices, which includes by way of example routine complaints about the price of healthcare generally or other similar common complaints. As drafted, the request encompasses complaints unrelated to Plaintiff and unrelated to the claims asserted in this action, and would impose a burden and expense disproportionate to any likely benefit of the requested discovery. Accordingly, Defendant limited its search to Documents and Communications related to complaints about accounts referred to collections. Subject to its objections and that limitation, Defendant will produce on a rolling basis any responsive Documents not previously produced in this action.

**REQUEST FOR PRODUCTION NO. 56**: All complaints filed with the Better Business Bureau against INTERPATH RELATING TO billing or collection practices.

**RESPONSE**: Defendant will produce on a rolling basis any responsive Documents not previously produced in this action.

**REQUEST FOR PRODUCTION NO. 93**: All DOCUMENTS RELATING TO any corrections, amendments, or reissuances of CSS or FINAL NOTICES to Idaho patients after the original notices were sent.

**RESPONSE**: Defendant objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses and is overbroad and not proportional to the needs of the case. The request broadly seeks all Documents relating to any corrections, amendments, or reissuances of CSS or final notices to Idaho patients, without limitation to Plaintiff, Plaintiff's account, or the factual allegations or theories asserted in this action. As drafted, the request impermissibly encompasses Documents relating to numerous non-party patients unrelated to the issues in dispute and would impose a burden and expense disproportionate to any likely benefit of the requested discovery. Based on its objections, Defendant will not produce any responsive Documents that may exist.

DATED: April 27, 2026

STOEL RIVES LLP

/s/ Cory M. Carone
Cory M. Carone

*Attorneys for Defendants*